IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN DOE | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:21-cv-257 |
| TEXAS A&M UNIVERSITY- | § | JURY |
| KINGSVILLE & MARK HUSSEY | § | |
| *in his official capacity as President* | § | |
| *of* TEXAS A&M UNIVERSITY- | § | |
| KINGSVILLE | § | |

**MOTION TO PROCEED UNDER A PSEUDONYM**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE**:

NOW COMES Plaintiff, by and through his attorneys of record, and files this, his *Motion to Proceed Under a Pseudonym*. John Doe now requests leave to proceed anonymously to protect his identity, as well as the identity of other non-party individuals involved in the underlying facts of this lawsuit, from being revealed in any potential media coverage or otherwise. In support, thereof, Plaintiff shows unto this Honorable Court the following:

Parties to an action in federal court must typically proceed by a designated name. Federal Rule of Civil Procedure 10(a) provides that all parties must be named in the title of the complaint. Rule 17(a)(1) further states, "[a]n action must be prosecuted in the name of the real party in interest." The Fifth Circuit holds this to be a matter of public importance. *Doe v. Core Civic, Inc*., 2020 U.S. Dist. LEXIS 117489 (S.D. Tex. 2020). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F2d 180, 185 (5th Cir 1981), citing *Richmond Newspapers Inc. v. Virginia*, 448 US 555, 580-81, 100 S. Ct. 2814, 65 L. Ed. 2d 973, n 17 (1980).

In certain circumstances a party may proceed under pseudonym. The Fifth Circuit has advanced "no hard and fast formula for ascertaining whether a party may sue anonymously." *Stegall*, 653 F2d at 186. The consideration typically balances maintenance of a party's privacy against the presumption of openness in judicial proceedings. *Rose v. Beaumont Independent School District*, 240 FRD 264, 266 (ED Tex 2007), citing *Stegall*, 653 F2d at 185; see also *Southern Methodist University Association of Women Law Students v Wynne & Jaffe*, 599 F2d 707, 712-13 (5th Cir 1979).

Courts applying the balancing test have permitted some plaintiffs to use pseudonyms in three general categories of situations. The first is "when identification creates a severe and specific risk of retaliatory physical or mental harm." *W.D.O. v. Harris County Sheriff Dep't*, 2005 U.S. Dist. LEXIS 54320, 2005 WL 8169263, *2 (SD Tex). The second is when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature." *W.D.O.*, 2005 U.S. Dist. LEXIS 54320, 2005 WL 8169263 at *2 (citations omitted). The third is when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Stegall*, 653 F2d at 185.

The underlying dispute in this case is Texas A&M University-Kingsville's handling of sexual assault accusations made against Plaintiff. The details of the underlying allegations are intimate in nature and unjust injury would result from the public identification of the parties to the accusation if Plaintiff were not permitted to proceed anonymously as requested. Plaintiff and the underlying complaining witness are all current and/or former students of Texas A&M University-Kingsville. This action challenges an official action by Texas A&M University-Kingsville and may attract media coverage to some extent. If Plaintiff were not permitted to proceed anonymously, both Plaintiff and the complaining witness's identities would be revealed in

subsequent media attention to this lawsuit. This publicity would cause irreparable reputational harm to Plaintiff. If Plaintiff were not permitted to proceed anonymously, the purpose of this lawsuit would be made moot. The balancing of the interests, as articulated by the Fifth Circuit in *Stegall*, weighs in favor of granting this motion for that reason. Plaintiff did not commit an act of sexual assault, however he was wrongfully expelled from Texas A&M University-Kingsville pursuant to unfair and erroneous rules and procedures. If Plaintiff were not allowed to proceed anonymously in this lawsuit, he would in effect be required to tarnish his reputation in order to protect it. Plaintiffs have been permitted to proceed anonymously in lawsuits alleging similar violations against universities across the county. See *Doe v. Tex. A&M Univ.*, U.S. Dist. LEXIS 14114 (S.D. Tex. Jan. 26, 2021); *Doe v. Columbia Univ.*, 101 F.Supp.3d 356 (S.D.N.Y. 2015); *Doe v. Salisbury Univ.*, 123 F.Supp.3d 748 (D. MD. 2015); *Doe v. Washington and Lee Univ.*, No. 6:14-cv-00052 (W.D. Va. Aug. 5, 2015); *Doe v. Brown Univ.*, 166 F.Supp.3d 177 (D.R.I. 2016); *Doe v. Rector & Visitors of George Mason Univ.*, 132 F.Supp.3d 712 (E.D. Va. 2015). For these reasons, the need to protect the privacy of Plaintiff and of the complainant, as well as the other witnesses, outweighs the presumption of judicial openness under Federal Rule of Civil Procedure 10(a).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays this Court grant Plaintiff's motion to proceed anonymously.

    Respectfully submitted,

    **GALE LAW GROUP, PLLC**
    711 N. Carancahua St., Suite 1660
    Corpus Christi, Texas 78401
    Mailing Address:
    P.O. Box 2591
    Corpus Christi, Texas 78403
    Phone Number: 361-808-4444
    Fax Number: 361-232-4139

By: /s/ Amie Augenstein
Amie Augenstein
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723
Amie@GaleLawGroup.com

/s/ Christopher J. Gale
Christopher J. Gale
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257
Chris@GaleLawGroup.com

## CERTIFICATE OF SERVICE

I hereby certify that although counsel of record for Defendant has not yet been identified, on this, the 2nd day of November, 2021, a true and correct copy of the forgoing was served on Ray Bonilla, general counsel for the Texas A&M University System by the means indicated below:

**Ray Bonilla**                                         *Via E-Mail: rbonilla@tamus.edu*
Texas A&M University System
Office of General Counsel
Moore/Connally Building, 6th Floor
301 Tarrow Street
College Station, Texas 77840

/s/ Christopher J. Gale
Christopher J. Gale