United States District Court
Southern District of Texas
**ENTERED**
November 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00257 |
| | § | |
| TEXAS A&M UNIVERSITY - | § | |
| KINGSVILLE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **TEMPORARY RESTRAINING ORDER**

Before the Court is Plaintiff John Doe's "Motion for Temporary Restraining Order and Preliminary Injunction to Preserve the Status Quo" (D.E. 3). On November 4, 2021, the Court heard the motion and the parties appeared by counsel through videoconference. Plaintiff's exhibits were tendered to, and considered by the Court, including:

- Defendant's Office of Student Affairs' Final Investigation Report, accompanied by the Civil Rights Formal Complaint Form, Title IX Coordinator's Memo of March 31, 2021, Defendant's Civil Rights Protections and Compliance Policies, Complainant's email approving of the draft overview of her statement, Doe's email responding to the draft overview of his statement, screen shots of texts between Complainant and Doe, photographs of Complainant's alleged injuries, possible blood alcohol content timeline, and alcohol tolerance chart (D.E. 10);

- Letter notice to Doe dated October 6, 2021, from Defendant's Student Affairs Office regarding findings, sanctions, and appeal process (D.E. 11);

- Doe's counsel's letter dated October 11, 2021, appealing the findings and sanctions of October 6, 2021 (D.E. 13); and

- Memorandum notice to Doe dated October 28, 2021, from Defendant's Office of Research & Graduate Studies affirming the original findings and sanctions (D.E. 12).

There were no live witnesses and the Court heard arguments of counsel. At the conclusion of the hearing, the Court announced on the record that the motion for temporary restraining order is GRANTED, reciting the Court's findings and analysis. The Court memorializes those findings as follows:

The test for preliminary injunctive relief requires proof of: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. Fed. R. Civ. P. 65; *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013).

**Substantial Likelihood of Success on the Merits**. Doe challenges his expulsion from the Defendant University on the basis that the Title IX hearing resulted in an erroneous outcome and involved selective enforcement. He alleges that the proceedings denied him his right to due process under the Fourteenth Amendment to the United States Constitution. He further alleges breach of contract and negligence.

In essence, Doe complains that Defendant's hearing process deprived him of an adequate opportunity to conduct discovery on the case against him and to provide accurate evidence. In that regard, he states that he was denied access to original interview materials and the hearing was conducted on the basis of a University representative's summaries of

the statements of witnesses, the complainant, and himself. He was denied a full and fair opportunity to correct his own statement and to test the accuracy of other statements in a matter that is highly dependent on witness credibility. He was further prevented from offering evidence that the grand jury had no-billed the criminal complaint against him resulting from the same incident. As a result, the burden of proof was effectively shifted to him to disprove the allegations against him and he was denied the tools for meeting that burden.

The parties debated the level of due process required in such hearings. But without fuller development of the record and the arguments, the Court finds that Defendant did not adequately refute Doe's specific complaints regarding how the evidence was handled, the unfairness of the hearing, and the appearance of rushing to a predetermined adverse result.

Defendant invoked the defense of sovereign immunity and suggested that, because the letter issuing the sanction of expulsion had issued immediately prior to the hearing, any request for injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908), was moot. However, counsel admitted that the letter, which was not offered into evidence, recited that it was subject to abatement depending on this Court's ruling on the motion for temporary injunctive relief. The requested relief is therefore not moot. Doe has demonstrated a substantial likelihood of success on the merits.

**Movant's Irreparable Injury**. Doe argued effectively that expulsion from the Defendant University portends immediate and long-term irreparable harm. He has been attending classes up to the date of the hearing and stands to lose credit for an entire semester

if he does not complete the last few weeks of classes and testing. Moreover, expulsion with a sexual assault finding will likely prevent Doe from being accepted at any other institution of higher education, thus seriously affecting his future career and reputation. Defendant suggested that monetary damages would be sufficient, but could not articulate how they could compensate for the lost semester, much less the complete loss of an opportunity for education and the reputational stigma of the sexual assault finding.

**Damage to Defendant**. Defendant argued that it has an interest in safeguarding the University population and its own integrity. In that regard, Doe has already been removed from all extracurricular activities and no reversal of that decision is requested here. However, Doe's class attendance has been and continues to be ongoing and is entirely by remote access. He is not present on campus and does not interact in person with students, faculty, or administration. Issues of University integrity can be adequately protected through adjudication of this case and does not require Doe's immediate expulsion. Indeed, he has been attending class for more than a year since the alleged incident. Defendant has not demonstrated any injury from that past attendance. And the Court finds minimal injury from any continued attendance, which is outweighed by the potential harm to Doe.

**Public Interest**. It is in the public interest to punish those who perpetrate sexual assaults and, consequently, to deter such acts and protect others. At the same time, it is in the public interest to ensure that life-altering judgments are not inflicted wantonly and irretrievably when not properly supported. The public interest is thus served by maintaining the status quo pending a fuller evaluation of the issues in this case.

The Court finds that Doe has satisfied the four-part test for the issuance of temporary injunctive relief. Therefore, the Court **ORDERS** that the parties maintain the *status quo ante* as of November 3, 2021, and that Defendant University **ABATE** its expulsion notice pending further order of this Court. The Court **ORDERS** that no bond is required to support this temporary restraining order.

The Court has set an in-person preliminary injunction hearing for **9:00 a.m. on Friday, December 3, 2021**, and the temporary relief granted herein will remain in effect until a ruling as a result of that hearing.

ORDERED on November 5, 2021.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE